# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO IBARRA-BARAJAS, | CASE NO. 1:09-cv-01734-SMS |
| Plaintiff, | |
| v. | ORDER DENYING COMMISSIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (Doc. 22) |

Michael J. Astrue, Commissioner of Social Security, moves to alter or amend the Court's judgment in this case, pursuant to F.R.Civ.P. 59(e), to correct a manifest error of law or fact. The Commissioner contends that the Court erred in its assessment of (1) the treating physician's credibility and (2) Plaintiff's credibility, and erred (3) in directing the ALJ to further develop the record by obtaining a consultative examination. Although the Court agrees that, because of its poorly reasoned discussion of the physicians' opinions, its original opinion requires modification, the judgment remains unchanged.

**I.      Rule 59(e)**

Federal Rule of Civil Procedure 59(e) simply permits a motion to alter or amend a judgment if the motion is filed within 28 days of entry of judgment. A district court has broad discretion in considering a Rule 59(e) motion. *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). One of the situations in which such a motion is appropriate is to correct a clear error of law or to prevent manifest injustice. *Id.* The rule gives the district

court an opportunity to correct its own mistakes if it agrees with the moving party that it made a mistake. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

## II. Plaintiff's Credibility

The Commissioner suggests that the Court could have agreed with the ALJ's assessment that Plaintiff was not credible by carefully examining the record as a whole to identify information in the medical records that was inconsistent with Plaintiff's testimony. A court's role is not to look at a record and somehow divine what an ALJ's reasoning must have been. If an ALJ decides to reject a claimant's testimony after a medical impairment has been established, the ALJ must make specific findings assessing the credibility of the claimant's subjective complaints. *Ceguerra v. Secretary of Health and Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). "[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *quoting Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 584 (9th Cir. 1988). He or she must set forth specific reasons for rejecting the claim, explaining why the testimony is unpersuasive. *Orn v,. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007). *See also Robbins v. Social Security Administration*, 466 F.3d 880, 885 (9th Cir. 2006). The credibility findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). The ALJ did not do so here. Accordingly, the Court will not alter or amend its conclusion that the ALJ erred in finding Plaintiff's testimony to lack credibility.

## III. Credibility of Plaintiff's Treating Physician

The factual content of the agency record was fully set forth in this Court's original opinion and will not be repeated here. The only physicians' opinions within the slim agency record in this case were the treatment notes and opinion of Plaintiff's treating physician, and agency case analyses countersigned by the agency's non-examining physicians.

Three types of physicians may offer opinions in social security cases: "(1) those who treat[ed] the claimant (treating physicians); (2) those who examine[d] but d[id] not treat the claimant (examining physicians); and (3) those who neither examine[d] nor treat[ed] the claimant

(nonexamining physicians)." *Lester*, 81 F.3d at 830.  A treating physician's opinion is generally entitled to more weight that the opinion of a doctor who examined but did not treat the claimant, and an examining physician's opinion is generally entitled to more weight than that of a non-examining physician.  *Id.*  The Social Security Administration favors the opinion of a treating physician over that of nontreating physicians.  20 C.F.R. § 404.1527; *Orn*, 495 F.3d at 631.  A treating physician is employed to cure and has a greater opportunity to know and observe the patient.  *Sprague*, 812 F.2d at 1230.  Only two types of physicians offered opinions regarding Plaintiff's residual functional capacity: his treating physician, Reynaldo Garcia, M.D., and two non-examining agency reviewers, C.E. Lopez, M.D., and E.A. Fonte, M.D.

An ALJ may disregard the opinion of a treating physician even if it is uncontradicted.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  But if he or she chooses to do so, the ALJ must provide "specific and legitimate reasons" supported by substantial evidence in the record.  *Lester*, 81 F.3d at 830-31.  An ALJ can meet this requirement by setting forth a detailed and thorough factual summary, including all conflicting testimony; then articulating his or her interpretation of this evidence; and finally, setting forth his or her findings.  *Magallanes*, 881 F.2d at 751.  The regulations provide that medical opinions be evaluated by considering (1) the examining relationship; (2) the treatment relationship, including (a) the length of the treatment relationship or frequency of examination, and the (b) nature and extent of the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors that support or contradict a medical opinion.  28 C.F.R. § 404.1527(d).  The ALJ's rejection of Garcia's opinion did not rest on these factors.  Instead, the ALJ rejected Garcia's opinion on general bases of credibility, finding that Garcia's determination of residual functional capacity was inconsistent both (1) with treatment records that described Plaintiff as doing well with medications and his illness as well-controlled and (2) with two letters that Garcia wrote "To Whom It May Concern" describing Plaintiff's illness as worsening and uncontrolled.

Just as with the claimant, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834, *quoting Varney*, 846 F.2d at 584.  He or she must set forth specific reasons for rejecting the claim, explaining why the

3

testimony is unpersuasive. *Orn*, 495 F.3d 625, 635 (9th Cir. 2007). The credibility findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In its original opinion, this Court observed that Garcia's treatment notes were ambiguous and that the ALJ failed to address inconsistencies between the language used in the treatment notes and Garcia's two letters.

At this point, the Court's original opinion failed to clearly articulate its reasoning. The language of the opinion appears to attribute the ALJ's error to his rejection of Garcia's opinion. The ALJ's error was not in rejecting Garcia's opinion but in concluding, based on the opinions of Fonte and Lopez, that Plaintiff had no exertional limitations. Substantial evidence did not support the conclusion that Plaintiff, who experienced severe shortness of breath and resulting fatigue, could perform work at any exertion level.

Lopez's and Fonte's opinions consisted of their signing their agreement to two-page case analyses prepared by agency staff members. Nothing suggests that either physician reviewed Plaintiff's medical records independent of the summary provided in the case analysis signed by that physician. Both analyses set forth incomplete summaries of objective evidence within Plaintiff's agency record. Neither physician provides any thoughtful assessment, backed by independent objective testing or assessment, of Plaintiff's residual functional capacity.

Opinions of nontreating physicians are only substantial evidence when they are supported by independent clinical findings and objective tests. *Magallanes*, 881 F.2d at 751. "Independent clinical findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not herself considered." *Orn*, 495 F.3d at 632 (*citations omitted*). Because both agency physicians agreed with Garcia's diagnosis of asthma and COPD, their opinions required independent objective testing to constitute independent clinical findings.

Lopez signed the case analysis dated March 9, 2007. Plaintiff's functioning was described: "Lives alone. Has [shortness of breath] due to asthma. Able to walk one block. Avoids stairs, lifting. Grocery shop when needed. Able to drive short distance. Does not do

housework." AR 281.  This description does not clearly report that Plaintiff rented a room from relatives, who performed the housework.  The "significant objective findings" included four of Garcia's treatment reports.  The staff member then opined that Plaintiff's account of his activities of daily living was not credible since his condition was not serious enough to so limit him.  The recommendation notes Plaintiff's April 2006 hospitalization in passing, stating, "Claimant responded well."  AR 282.  The analysis added, "Current [pulmonary function test] reveals moderate obstruction with significant improvement with bronchodilators."  AR 282.  The analyst proposed unlimited exertion with environmental limitations.  Lopez signed in agreement.

While it is possible that the "current [pulmonary function test]" constitutes a the requisite independent and objective clinical testing, the case analysis is too perfunctory for this Court to be certain.  The test is not identified as to date or source nor are the specific testing results reported.  A reasonable mind would not find Lopez's opinion adequate to support a conclusion that Plaintiff had unlimited residual functional capacity so long as environmental factors were restricted.  Lopez's "opinion" does not constitute substantial evidence.

Fonte signed a case analysis dated September 12, 2007, which purported to update the case analysis signed by Lopez.  The "significant objective findings" did no more than summarize treatment notes for Plaintiff's follow-up appointments with Garcia in March, April, and August 2007.  The analyst noted that Plaintiff's [pulmonary function test] did not meet listing levels without providing specific findings supporting that conclusion.  Since Plaintiff's breathing and cough had improved with the use of medication, his lungs were clear, and he was not wheezing, the analyst again recommended that Plaintiff had unlimited residual functional capacity so long as environmental factors were restricted.  Fonte signed the case analysis to indicate his agreement.  Since Fonte's report considered only Garcia's follow-up treatment notes and referred to no independent objective testing or evaluation, it cannot be substantial credible evidence.

A reasonable mind would not find Lopez's or Fonte's opinion adequate to support a conclusion regarding the extent of Plaintiff's residual functional capacity.  Because the ALJ's determination of Plaintiff's residual functional capacity was not supported by substantial

///

evidence, this Court cannot affirm his determination that Plaintiff was capable of the full range of exertion so long as environmental factors were controlled.

## IV. Need for a Consultative Examination

The Commissioner contends that the Court erred in remanding this case with directions that he further develop the record by securing a consultative examination of Plaintiff. Citing 20 C.F.R § 404.1527(f) and *Bray v. Commissioner of Social Security Administration*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009), he argues that an ALJ may rely on the opinions of the agency reviewers if their opinions are well-supported and consistent with the record as a whole.

Administrative law judges must consider findings of State agency medical consultants as opinion evidence, except for the ultimate determination of whether the claimant is disabled. 20 C.F.R § 404.1527(f)(2)(i). When an ALJ considers the opinion of an agency physician, he or she must apply the same six factors ((1) the examining relationship; (2) the treatment relationship, including (a) the length of the treatment relationship or frequency of examination, and the (b) nature and extent of the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors that support or contradict a medical opinion) applied in the analysis of physicians offering opinions about the applicant who are not employed by the agency. 20 C.F.R § 404.1527(f)(2)(ii). The ALJ here did not employ such an analysis.

Nor were the two case analyses "well-supported and consistent with the record as a whole." An "'ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" *Bray*, 554 F.3d at 1228, *quoting Thomas*, 278 F3d at 957. The case analyses, with incomplete summaries of the Plaintiff's medical records and perfunctory analyses and conclusions prepared by agency staffers for the physician's signatures were neither well-supported or consistent.

The Commissioner maintains that he need not secure a consultative examination since the record is complete but simply fails to support Plaintiff's contentions. This Court disagrees. After the ALJ concluded that Garcia's opinion was not credible, only the agency physician's opinions remained. Since these opinions are not supported by substantial evidence, the record is

///

not complete.  An examination by a competent consulting physician is the necessary first step to the Commissioner's making a disability determination that is supported by substantial evidence.

### IV.     Conclusion and Remand

In accordance with the Commissioner's motion, the Court has again reviewed the ALJ's decision, the record as a whole, and its own original opinion.  The Court's prior opinion is hereby amended as set forth above.  The modification of the Court's reasoning does not change the ultimate resolution of this appeal.

"The court shall have the power to enter, upon pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  In social security cases, the decision to remand to the Commissioner to award benefits is within the court's discretion.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.

Accordingly, this Court again orders that the administrative determination be REMANDED for development of an adequate record relating to the consequences of Plaintiff's asthma and COPD on his residual functional capacity and rehearing in light of that record.  The JUDGMENT in favor of Plaintiff Antonio Ibarra-Barajas and against Defendant Michael J. Astrue, Commissioner of Social Security, is not modified.

IT IS SO ORDERED.

**Dated:     June 21, 2011**                             /s/ Sandra M. Snyder
                                                                                UNITED STATES MAGISTRATE JUDGE