# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO IBARRA-BARAJAS,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>            Defendant.<br>_____/ | CASE NO. 1:09-cv-01734-SMS<br><br>ORDER GRANTING MOTION FOR<br>ATTORNEYS' FEES UNDER<br>28 U.S.C. § 2412 (D)<br><br>(Doc. 25) |

Plaintiff moves the Court to grant attorneys' fees of $1951.59 under the Equal Access to Justice Act (28 U.S.C. § 2412 (d)) ("EAJA"). The Government did not respond to Plaintiff's motion. Having reviewed the motion and its supporting documentation, as well as the case file, this Court orders payment of the requested fees.

**I.**  **Legal and Factual Background**

On September 23, 2009, Plaintiff, by his attorney Robert Decker Christenson, filed a complaint appealing the Commissioner's decision denying disability benefits. Thereafter, he served Defendant and proceeded to prosecute her appeal. The Court entered judgment on January 28, 2011. Plaintiff filed a motion for attorneys' fees under the EAJA on April 19, 2011.

**II.**  **Discussion**

28 U.S.C. § 2412(d)(1)(A) provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil

1

action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

A prevailing party under the EAJA is one who has gained by judgment or consent decree a material alteration of the legal relationship of the parties. *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002). Under the EAJA, attorneys' fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano,* 279 F.3d at 794. The Court generally starts with the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, and must provide a concise and clear explanation of the reasons for its determination. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983); *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035 (1990).

This Court finds Plaintiff's fee request to be reasonable. His counsel is experienced in appeals of Social Security benefits litigation. Both the Administrative Law Judge and the Appeals Council had rejected Plaintiff's claim at the administrative level. Counsel was able to synthesize the facts of the claim and present arguments sufficient to secure judgment for Plaintiff. He is entitled to reasonable compensation for that work.

Plaintiff has assigned any fees recovered to Attorney Christenson. Attorneys' fees payable under the EAJA (28 U.S.C. § 2412(d)) are appropriately payable to the prevailing litigant, not his or her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). This is because that a fee award under the EAJA is subject to offset for application to federal debts owed by the prevailing party under the Treasury Offset Program (31 U.S.C. § 3716). *Id.* When the prevailing party has assigned his or her right to attorneys' fees to his or her attorney, the government may ultimately direct the payment to the assignee if the prevailing party does not owe a debt to the government. *Id.* at 2529.

///

III.    **Conclusion and Order**

The Court AWARDS to Plaintiff attorneys' fees under the EAJA of $1951.59. Plaintiff having assigned to his attorney, Robert D. Christenson, any EAJA payment to which he may become entitled, the Court ORDERS that any balance of the awarded fees remaining after the offset of the fees to satisfy Plaintiff's other federal obligations under the Treasury Offset Program (31 U.S.C. § 3716) shall be paid directly to Robert D. Christenson on Plaintiff's behalf.

IT IS SO ORDERED.

**Dated:   June 21, 2011**                 /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE